ZU MAN LI, Petitioner,

v.

Eric H. HOLDER, Jr., United States

**Attorney General,\* Respondent.**

**No. 06–1128–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 18, 2009.

Michael Brown, New York, NY, for Petitioner.

Erik C. Peterson, United States Attorney; Richard D. Humphrey, Assistant United States Attorney, Western District of Wisconsin, Madison, WI, for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Zu Man Li, a native and citizen of the People's Republic of China, seeks review of a February 27, 2006 order of the BIA denying his motion to reopen. *In re Zu Man Li,* No. A076 505 678 (B.I.A. Feb. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

■ The BIA did not err in denying Li's untimely and number-barred motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Indeed, we have previously reviewed the BIA's consideration of evidence similar to that which Li

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions excusing the applicable time and numerical limitations or a reasonable possibility of persecution. *See Jian Hui Shao*, 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

■ Additionally, contrary to Li's argument, he is not eligible to file a successive asylum application based on his changed personal circumstances. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).